IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYSHAWN SMITH,** | : | CIVIL NO. 1:12-CV-1829 |
| | : | |
| Petitioner, | : | (Chief Judge Kane) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **COMMONWEALTH OF PENNSYLVANIA,** | : | |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

### I.  Statement of Facts and of the Case

This case presents a petition for writ of habeas corpus filed by Tyshawn Smith, who describes himself as "a natural person not a corporate, artificial nom-de-guerre straw man type written in all capital letters." (Doc. 1, ¶1.) Smith's petition recites that he is being held, apparently awaiting trial on some unspecified charges in Montour County. (Id.) According to Smith he has not been presented with "a formal indictment or documented proof of subject matter jurisdiction." (Id., ¶5.) On the basis of this otherwise unadorned allegation, Smith seeks to invoke the great writ of habeas corpus.

It appears from the petition that Smith has not yet exhausted any of his remedies under state law with respect to these claims. Indeed, the petition suggests that these claims have not been addressed by state courts at trial, on direct appeal or

in any collateral proceedings under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541, et seq. (Id.) Smith's petition, therefore, presents us with the paradigm of an unexhausted federal habeas corpus petition, a petition whose claims have not been properly presented and preserved in the state courts.

Since the Petitioner has not satisfied this threshold legal requirement prescribed by statute by exhausting his state remedies before proceeding into federal court, we submit that this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.     Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

In order to obtain federal habeas corpus relief, a state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State;
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a

"fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004). Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner " has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). Section 2254's exhaustion requirement calls for total exhaustion of all available state remedies. Thus, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999).  As the Supreme Court has aptly observed:  "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation.  Rose v. Lundy, 455 U.S. 509, 518 (1982).  Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid the federal courts in their review of a § 2254 petition.  Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995).  A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts.  Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992); Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982).  A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court."

Parker v.Kelchner, 429 F.3d 58, 63 (3d Cir. 2005).

Here, on the face of the petition it is evident that the Petitioner has not met §2254's exhaustion requirement. Moreover, Smith has provided no justification or excuse for this wholesale failure to exhaust his state legal remedies which would warrant foregoing the exhaustion requirement that is plainly prescribed by law. Therefore, Smith's failure to exhaust these state remedies should not be excused, and his petition for writ of habeas corpus should be dismissed.

Beyond this failure to exhaust existing state remedies, we note another fatal flaw in this petition. An assessment of the unexhausted claim advanced by Smith in his federal habeas petition strongly suggests that this claim is meritless. In this petition Smith attacks his state conviction, arguing that the state courts lacked subject matter jurisdiction because the charges against Smith were not brought by indictment following presentation of the evidence to a grand jury. (Doc. 1, ¶5.)

The difficulty with this unexhausted claim is that the premise underlying this argument–an assertion that states are constitutionally mandated to present cases to grand juries–has been flatly rejected by the courts. Thus, it is clear beyond any serious legal dispute that the Fifth Amendment's requirement of indictment by grand jury does not apply to the states, which are free to charge defendants without the necessity of grand jury presentment. See, e.g., Alexander v. Louisiana, 405

U.S. 625, 633 (1972); Hartman v. Lee, 283 F.3d 190, 195 (4th. Cir. 2002); Clanton v. Cooper, 129 F.3d 1147, 1155 (10th. Cir. 1997). Thus, this claim clearly lacks merit. Since Smith's claim is both unexhausted and meritless, this petition should be dismissed.

### III. **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and the Response in Opposition to this Petition, IT IS RECOMMENDED that the Petition be DISMISSED, without prejudice, and that a certificate of appealability should not issue. The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 13th day of September 2012.

>*S/Martin C. Carlson*
>Martin C. Carlson
>United States Magistrate Judge